```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

RHONDA MYERS COLEMAN and
CLIFFORD COLEMAN,

    Plaintiffs

v.                                 Civil Action No.: 2:05-0616

WAL-MART STORES, INC., a foreign
corporation licensed to do business
in West Virginia, and CLAIMS MANAGEMENT
INC., a foreign corporation licensed
to do business in West Virginia,

    Defendants

## MEMORANDUM ORDER

This matter is before the court on defendants' motion to dismiss defendant Claims Management, Inc., filed August 5, 2005; and defendants' joint motion to bifurcate and stay discovery and proceedings, filed August 10, 2005.

Plaintiffs Rhonda Myers Coleman and her husband Clifford Coleman filed the complaint initiating this action in the Circuit Court of Kanawha County, West Virginia on June 29, 2005. It subsequently was removed to this court by defendants by notice dated August 1, 2005, based on diversity jurisdiction. Plaintiffs claim that Rhonda Myers Coleman sustained personal injuries, including a broken leg, attributable to the failure of

defendant Wal-Mart Stores, Inc. to maintain its premises and machinery in a reasonably safe manner.  (Compl., Count I(a).)  They further assert that Clifford Coleman suffered loss of consortium as the result of his wife's injuries.  (Compl., Count I(b).)  Plaintiffs additionally state causes of action under the West Virginia Unfair Trade Practices Act based on the handling of their claim by defendant Claims Management, Inc., the "captive insurer" of Wal-Mart Stores, Inc. (Count II.)

In the August 5th motion, defendants seek dismissal of the claims filed against defendant Claims Management, on the ground that plaintiffs have asserted causes of action under the West Virginia Unfair Trade Practices Act, W.Va. Code § 33-11-1 <u>et seq.</u>, without having averred that Claims Management is engaged in the business of insurance.  Defendants state that Claims Management is a wholly-owned subsidiary of defendant Wal-Mart Stores, Inc.  Plaintiffs have filed no response.  By the filing of the motion of August 10th, defendants seek bifurcation of the bad faith allegations contained in Count II – the UTPA claims – from the remainder of the complaint, as well as a stay of discovery on the bad faith issues.  It appears that Count II is asserted only as to defendant Claims Management.  Again, plaintiffs have filed no response.

Defendants' motion to dismiss is based on Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In considering the propriety of a Rule 12(b)(6) motion, the court must determine whether the complaint, accepting the allegations as true, allows a recovery.  Hospital Building Co. v. Rex Hospital Trustees, 425 U.S. 738, 746 (1976); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994); Waterford v. Citizens' Assoc. v. Reilly, 970 F.2d 1287, 1290 (4th Cir. 1992).  Such motions "should be granted only in very limited circumstances."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  A Rule 12(b)(6) motion requires the court to accept the factual allegations in the complaint and construe them in the light most favorable to the non-moving party.  See, e.g., Mylan Laboratories Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994).  Rule 12(b)(6) motions should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  De Sole v. United States, 947 F.2d 1169, 1177 (4th Cir. 1991) (quoting Coakley & Williams, Inc. v. Shatterproof Glass Corp., 706 F.2d 456, 457 (4th Cir. 1983)).

Plaintiffs have stated that Claims Management is Wal-Mart's "captive insurer" (Compl. ¶ 12) and that it is subject to the requirements of the West Virginia Unfair Trade Practices Act

("UTPA"), W.Va. Code § 33-11-4 (Compl. ¶¶ 16-17, 19). Defendants respond that plaintiffs' allegation is insufficient to sustain a claim because plaintiffs have not asserted that Claims Management is "engaged in the business of insurance." (Def. Mot. ¶ 2.) The West Virginia Supreme Court of Appeals has held that the UTPA "appl[ies] only to those persons or entities and their agents who are engaged in the business of insurance." Syl. pt. 2, <u>Hawkins v. Ford Motor Co.</u>, 566 S.E.2d 624 (W.Va. 2002)(self-insured automobile manufacturer not subject to provisions of UTPA where its' primary business was manufacturing of automobiles). The court explained that "absent a contractual obligation to pay a claim, no bad faith cause of action exists, either at common law or by statute. A self-insured entity is not in the business of insurance." <u>Hawkins</u>, 566 S.E.2d at 629.

Having stated that Claims Management is a "captive insurer," plaintiffs have articulated some possibility of a right to relief. It is, then, not appropriate for the court to dismiss the claims filed against that defendant at this time. This issue is one that may better be addressed, after Count I has been resolved, at the summary judgment stage.

Though plaintiffs are allowed to go forward with their UTPA claims against the insurer Claims Management, they may do so only after resolution of the liability claim against Wal-Mart.

4

The West Virginia Supreme Court has written that

> merely allowing the joinder of the insurer with the insured would not necessarily inject insurance issues into all ... cases. As long as those claims are bifurcated from those against the insured, and any discovery or proceedings against the insurer are stayed pending resolution of the underlying claim between the plaintiff and the insured, there should be no prejudicial impact on a jury of joining in an original pleading or amending a pleading to assert a bad faith or unfair insurance practices counts against an insurer in an original action against an insured.

<u>State ex rel. State Farm Fire & Casualty Co. v. Madden</u>, 451 S.E.2d 721, 724 (W.Va. 1994). In response to a certified question from this district, the court clarified that "implicit in [the] holding in <u>Madden</u> was that bifurcation and stay of a third-party bad faith claim against an insurer are mandatory." <u>Light v. Allstate Insurance Co.</u>, 506 S.E.2d 64 (W.Va. 1998).

It is accordingly ORDERED defendants' motion to dismiss be, and it hereby is, denied. It is further ORDERED that Count II of plaintiffs' complaint be, and it hereby is, bifurcated and stayed pending resolution of Count I.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: January 5, 2006

John T. Copenhaver, Jr.
United States District Judge